DARRYL M. WOO (CSB NO. 100513)
E-Mail: dwoo@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
E-Mail: vdemarchi@fenwick.com
TODD R. GREGORIAN (CSB NO. 236096)
E-Mail: tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
AOL LLC

DENNIS L. WILSON (CSB NO. 155407)
E-Mail: dwilson@kmwlaw.com
DAVID K. CAPLAN (CSB NO. 181174)
E-Mail: dcaplan@kmwlaw.com
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Defendant
YAHOO! INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GOODMAIL SYSTEMS, INC.; AOL LLC; and YAHOO! INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV09-6668-SVW (SSx)<br><br>**DEFENDANTS AOL AND YAHOO! INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND FOR STAY OF DISCOVERY**<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Dept.: 6<br>Judge: Hon. Stephen V. Wilson |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 1

III. ARGUMENT ...................................................................................................... 3

    A. RPost's Claim Against AOL and Yahoo! Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted ........................................ 3

        1. Rule 8 Requires Facts "Showing" Entitlement to Relief ......... 3

        2. RPost Fails to State a Claim for Inducement of Infringement ............................................................................. 5

        3. RPost Fails to State a Claim for Contributory Infringement ............................................................................. 7

    B. In the Alternative, the Court Should Require RPost to Amend its Claims to Provide a More Definite Statement .................. 9

    C. The Court Should Stay Discovery Pending RPost's Filing of A Complaint that Meets the Requirements of Rule 8 ................. 10

CONCLUSION ............................................................................................................ 12

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agilent Techs., Inc. v. Micromuse, Inc.*,
  2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) ...................................................................... 9

*AntiCancer Inc. v. Xenogen Corp.*,
  248 F.R.D. 278 (S.D. Cal. 2007) ........................................................................................ 7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .................................................................................................. 4, 6

*Bay Indus., Inc. v. Tru-Arx Manuf., LLC*,
  2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006) ................................................. 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ *passim*

*Conley v. Gibson*,
  355 U.S. 41 (1957) ............................................................................................................ 3

*Coolsavings.com Inc. v. Catalina Mktg. Corp.*,
  1999 WL 342431 (N.D. Ill. May 14, 1999) ....................................................................... 5

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ................................................................................. 5, 6, 8

*Elan Microelectronics Corp. v. Apple, Inc.*,
  2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ............................................................... 6, 7

*eSoft, Inc. v. Astaro Corp.*,
  2006 U.S. Dist. LEXIS 52336 (D. Colo. July 31, 2006) ................................................... 9

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ............................................................................... 6, 10

*Greene v. Emersons, Ltd.*,
  86 F.R.D. 66 (S.D.N.Y. 1980) ......................................................................................... 11

*Havoco of America, Ltd. v. Shell Oil Co.*,
  626 F.2d 549 (7th Cir. 1980) ........................................................................................... 11

*In re Papst Licensing*,
  2001 WL 179926 (E.D. La. Feb. 22, 2001) ..................................................................... 10

*Li Ming Tseng v. Marukai Corp. U.S.A.*,
  2009 U.S. Dist. LEXIS 112124 (C.D. Cal. Nov. 13, 2009) ..................................... 4, 6, 10

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Lucent Techs., Inc. v. Gateway, Inc.,*
    580 F.3d 1301 (Fed. Cir. 2009) .................................................................................. 8

*MacNeill Eng'g Co. v. Trisport, Ltd.*,
    59 F. Supp. 2d 199 (D. Mass 1999) ........................................................................... 8

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
    2009 U.S. Dist. LEXIS 108696 (D. Del. Nov. 20, 2009) ................................. 6, 7, 8

*MGM Well Servs., Inc. v. Mega Lift Sys., LLC*,
    2007 U.S. Dist. LEXIS 30536 (S.D. Tex. Apr. 25, 2007) ......................................... 8

*Pharmaceutical Solutions, Inc. v. Vitamax RX*,
    2006 WL 14559 (D. Minn. Jan. 3, 2006) .................................................................. 9

*Pharmastem Therapeutics, Inc. v. Viacell, Inc.*,
    491 F.3d 1342 (Fed. Cir. 2007) ................................................................................ 8

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) .................................................................................. 11

*Sharafabadi v. Univ. of Idaho*,
    2009 WL 4432367 (W.D. Wash. Nov. 27, 2009) ..................................................... 7

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .................................................................................. 10

*Vita-Mix Corp. v. Basic Holding, Inc.,*
    581 F.3d 1317 (Fed. Cir. 2009) ................................................................................ 5

**RULES AND STATUTES**

35 U.S.C. § 271 ............................................................................................... 5, 7, 8

Federal Rule of Civil Procedure 8 ................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 1

Federal Rule of Civil Procedure 12(e) .............................................................. 1, 9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

The complaint filed by Plaintiffs RPost Holdings, Inc., RPost International Limited, and RMail Limited (collectively, "RPost") fails to plead sufficient facts to give fair notice of the nature of the claims asserted and the grounds on which they rest, as required by the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). As to defendants AOL LLC ("AOL")[1] and Yahoo! Inc. ("Yahoo!"), RPost does not allege any direct patent infringement; it claims only that AOL and Yahoo! "aid, abet, and contribute to" infringement of RPost's patents. This claim is entirely conclusory and devoid of *any* factual allegations that plausibly suggest RPost is entitled to relief against these defendants.

RPost's complaint fails to state even the necessary elements of an indirect infringement claim. However, even had these elements been recited in the complaint, Rule 8 of the Federal Rules of Civil Procedure requires more. RPost fails to allege any facts that would plausibly support the elements of its claim for indirect infringement, and the complaint, therefore, should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). In the alternative, the Court should require RPost to provide a more definite statement of its claim, pursuant to Rule 12(e). In any event, AOL and Yahoo! seek relief from the expensive and time-consuming discovery otherwise required by the federal rules unless and until RPost pleads its claim with the sufficiency contemplated by Rule 8 and *Twombly*.

RPost opposes AOL and Yahoo!'s motion to dismiss, but does not object to a stay of discovery pending resolution of the motion. [*See* Declaration of Virginia K. DeMarchi In Support of Motion to Dismiss First Amended Complaint ("DeMarchi Decl.") ¶ 3.]

---

[1] On December 4, 2009, AOL LLC transferred substantially all of its assets and liabilities to AOL Inc.

1

## II. BACKGROUND

RPost filed a complaint for patent infringement against Goodmail Systems, Inc. ("Goodmail") on September 14, 2009. On October 9, 2009, RPost filed a First Amended Complaint, adding AOL and Yahoo! as defendants. The First Amended Complaint alleges infringement of two patents – U.S. Patent No. 6,182,219 ("the '219 patent") and U.S. Patent No. 7,240,199 ("the '199 patent") – neither of which is described or attached to the complaint.

The allegations of secondary infringement made against AOL and Yahoo! are entirely conclusory. With respect to its single claim against both defendants for "aiding, abetting, and/or contributing to patent infringement," RPost alleges only:

> AOL and Yahoo both aid, abet, and contribute to Goodmail's infringement of Plaintiffs' patents. On information and belief, Goodmail uses goods and services provided by AOL and Yahoo to provide its CEPS service to its customers. On information and belief, AOL and Yahoo are aware of Plaintiffs' patents and know that the goods and services they provide Goodmail aid, abet, and contribute to Goodmails [sic] infringement of those patents.

[First Am. Compl. ¶ 17.]

The complaint alleges *no facts* in support of these conclusory allegations of infringement. Apart from allegations regarding AOL and Yahoo!'s states of incorporation and principal business addresses [*see id.* ¶¶ 8-9], the passage quoted above contains the only factual allegations made in support of RPost's claim against AOL and Yahoo!. The complaint does not identify the "goods and services" purportedly provided to Goodmail by AOL and Yahoo!, nor does it state how AOL and Yahoo! are supposed to have induced or contributed to the infringement of RPost's asserted patents.

On the basis of these perfunctory allegations, RPost makes far-reaching demands for relief against AOL and Yahoo!, including: (i) a permanent injunction;

(ii) damages; and (iii) costs, interest, and attorneys' fees. [First Am. Compl. at 3-4.]

## III. ARGUMENT

### A. RPost's Claim Against AOL and Yahoo! Should be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

#### 1. Rule 8 Requires Facts "Showing" Entitlement to Relief

The Supreme Court revisited and explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) Rule 8's requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The *Twombly* Court affirmed that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," but rejected the then-prevailing formulation of the pleading standard from the Court's 1957 decision in *Conley v. Gibson*, which held that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 545-46, 561, 577 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Observing that the quoted passage from *Conley* had been misunderstood and misapplied for more than 50 years, the *Twombly* Court deemed it now "best forgotten." *Id.* at 563.

Instead, *Twombly* made clear that Rule 8 requires a "showing" and not merely a blanket assertion of entitlement to relief. *Id.* at 556 n.3. The Supreme Court explained the applicable pleading standard as follows:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

*speculative level*, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)….

*Id.* at 555 (citations, footnote and emphasis omitted) (emphasis added).  Pleadings compliant with Rule 8 must express a "plausible entitlement to relief." *Id.* at 559.  They must "raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Id.* at 556.  If a complaint does not meet this standard, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citation omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court clarified that the principles announced in *Twombly* apply generally to all claims governed by Rule 8 and not merely to the antitrust claims considered in *Twombly*.[2]  *See id.* at 1953.  The *Iqbal* Court elaborated on its prior decision as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not show[n] -- that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

---

[2] The federal pleading requirements as explained in *Iqbal* and *Twombly* have been applied by this Court in patent actions.  *See, e.g.*, *Li Ming Tseng v. Marukai Corp. U.S.A.*, 2009 U.S. Dist. LEXIS 112124, at *3 (C.D. Cal. Nov. 13, 2009).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

1  complaint, they must be supported by factual allegations.
2  *Id.* at 1949-50 (citations and quotations omitted).
3  As shown herein, RPost's claims against AOL and Yahoo! fail to satisfy the
4  notice pleading requirement under *Iqbal* and *Twombly*. RPost asserts a single
5  claim against AOL and Yahoo! for "aiding, abetting, and/or contributing to patent
6  infringement." [First Am. Compl. at 3.] However, RPost does not sufficiently
7  plead any claim for indirect patent infringement under 35 U.S.C. § 271.
8  Accordingly, this claim should be dismissed.

### 2. RPost Fails to State a Claim for Inducement of Infringement

10  RPost pleads only that AOL and Yahoo! "aid [and/or] abet" the direct patent
11  infringement of Goodmail. To the extent this language was intended to raise a
12  claim for inducement of infringement under 35 U.S.C. § 271(b),[3] it fails. A claim
13  for inducement of infringement requires the patent holder to plead and prove "that
14  the alleged inducer knew of the patent, knowingly induced the infringing acts, and
15  possessed a specific intent to encourage another's infringement of the patent."
16  *Vita-Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009); *See*
17  *also DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304-05 (Fed. Cir. 2006) (en
18  banc in relevant part). Mere knowledge of the acts alleged to constitute
19  infringement is insufficient. *Id.* "Specific intent and action to induce infringement"
20  must be shown, as well as the existence of the underlying *direct* infringement. *Id* at
21  1305.; *See also Coolsavings.com Inc. v. Catalina Mktg. Corp.*, 1999 WL 342431, at
22  *2 (N.D. Ill. May 14, 1999) (dismissing complaint under the lower, pre-*Twombly*
23  standard where complaint "[a]lleges only the 'bald assertion' of active inducement,
24  which, 'without the allegation of any facts supporting it,' does not satisfy the
25  pleading requirements of the federal rules").

---

3  The complaint, for example, does not mention the word "inducement" or reference 35 U.S.C. § 271(b).

5

1    RPost pleads neither the elements nor the facts required to state a claim of
2  inducement of infringement.  First, although RPost alleges in conclusory fashion
3  that AOL and Yahoo! had knowledge of the patents-in-suit, it does not allege
4  specific intent.  [*See* First Am. Compl. ¶¶ 16-20.]  As the claim cannot be stated
5  without this element, RPost's failure to allege specific intent should compel
6  dismissal of the claim for this reason alone.

7    Second, RPost pleads no facts that even suggest it has a plausible claim for
8  inducement.  *See Iqbal*, 129 S. Ct. at 1949-50.  It relies exclusively on the vague
9  assertion, made "[o]n information and belief," that AOL and Yahoo! have provided
10 unspecified "goods and services" to Goodmail.  [First Am. Compl. ¶ 17.]  *See Elan*
11 *Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2-*4 (N.D. Cal. Sept.
12 14, 2009) (dismissing indirect infringement claims supported only by conclusory
13 allegations made "on information and belief"); *Gen-Probe, Inc. v. Amoco Corp.*,
14 926 F. Supp. 948, 960 (S.D. Cal. 1996) (dismissing conclusory indirect
15 infringement claims alleged "upon information and belief").  It does not identify the
16 goods and services alleged to induce infringement, nor does it allege any
17 connection between the goods and services and anything asserted to infringe the
18 patents-in-suit.  *See Li Ming Tseng,* 2009 U.S. Dist. LEXIS 112124, at *1-*4
19 (dismissing infringement claim based on bare allegation that defendants sold
20 infringing "goods").  It further does not allege any facts in support of its conclusion
21 that AOL and Yahoo! had knowledge of the asserted patents.[4]  [*See* First Am.
22 Compl. ¶ 17.]

23    Indeed, RPost has not pled any facts showing any act of inducement,
24 knowledge, or intent by AOL or Yahoo!.  *See Twombly,* 550 U.S. at 556 n.3 ("Rule
25 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to

---

[4] With respect to the intent element, which as noted above is entirely absent, to state a claim RPost must also allege facts showing "evidence of culpable conduct, . . . not merely that the inducer had knowledge of the direct infringer's activities."  *DSU Medical Corp.*, 471 F.3d at 1306.

6

relief"); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 2009 U.S. Dist. LEXIS 108696, at *11 (D. Del. Nov. 20, 2009) ("Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the [patent in suit] at the time they were committing the allegedly infringing activities . . . *Nor does [the Complaint] contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge*") (emphasis added).  RPost alleges only that AOL and Yahoo! "aid [and] abet" the alleged infringement through provision of unspecified "goods and services." [First Am. Compl. ¶ 17.]

This is insufficient.  *See Mallinckrodt Inc.,* 2009 U.S. Dist. LEXIS 108696 at *11-13; *AntiCancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282-83 (S.D. Cal. 2007) (dismissing inducement claim, finding the similarly conclusory allegation that "Each of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others," did not demonstrate a plausible entitlement to relief); *Sharafabadi v. Univ. of Idaho*, 2009 WL 4432367, at *5 (W.D. Wash. Nov. 27, 2009) (dismissing inducement claim because the complaint "does not allege . . . any facts concerning either how [defendant] induced or contributed to another party's direct infringement of the [patent in suit] or [defendant's] knowledge"); *see also Elan Microelectronics Corp.* 2009 WL 2972374, at *2-*4 (granting motion to dismiss, noting patentee could not rely on Form 18 to show sufficiency of allegations of indirect infringement).  Such conclusory accusations of "aiding and/or abetting" of infringement should be dismissed.

### 3. RPost Fails to State a Claim for Contributory Infringement

An accused infringer may be liable for contributory infringement if it "[o]ffers to sell or sells within the United States or imports into the United States a component of a patented [device] . . ., or a material or apparatus for use in practicing a process, constituting a material part of the invention, knowing the same

7

to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c). Beyond pleading the existence of direct infringement, then, to establish contributory infringement RPost must plead and prove that AOL and Yahoo! each sell or offer to sell a material component of an infringing device or process, that the component was especially made or adapted for such infringing use, that AOL and Yahoo! knew that the combination for which their components were especially made was both patented and infringing, and that such components have no substantial non-infringing uses. 35 U.S.C. § 271(c); *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1320 (Fed. Cir. 2009); *see also MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, 2007 U.S. Dist. LEXIS 30536, at *6 (S.D. Tex. Apr. 25, 2007) (citing *DSU Medical Corp.*, 471 F.3d at 1303).

RPost fails to allege the elements of a claim for contributory patent infringement, as set forth in 35 U.S.C. § 271(c), or to recite any facts sufficient to support such a claim. While the complaint alleges that AOL and Yahoo! provide "goods and services" that contribute to the alleged direct infringement, the AOL or Yahoo! products that allegedly contribute to any direct infringement of the asserted patents are not identified,[5] and the complaint does not allege that they are especially made or adapted for the infringement and have no substantial non-infringing uses. *See MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass 1999) (denying, under pre-*Twombly* standard, motion to amend complaint to add a claim for contributory patent infringement because patentee did not identify component it accused of contributorily infringing) RPost also does not allege that AOL and Yahoo! knew that the combination that includes their products infringes

---

[5] Contributory infringement requires the sale or offer for sale of a *product*. Providing a "service" that allegedly assists another in committing patent infringement does not give rise to liability for contributory infringement. *Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 491 F.3d 1342, 1357 (Fed. Cir. 2007).

8

RPost's patents. *See Mallinckrodt Inc.,* 2009 U.S. Dist. LEXIS 108696 at *11-13. Rather, RPost's allegations are nothing more than labels and conclusion. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitl[ement] to relief' requires more than labels and conclusions . . . "). The Court should dismiss RPost's claim for contributory infringement.

### B. In the Alternative, the Court Should Require RPost to Amend its Claims to Provide a More Definite Statement

In the event that the Court does not grant the motion to dismiss, the Court should require RPost to provide a more definite statement of its allegations against AOL and Yahoo!. Rule 12(e) permits a defendant to challenge a complaint that is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. [The motion shall point out the defects complained of and the details desired.]

Even when a complaint survives a motion to dismiss, the court may require the plaintiff to provide a more definite statement under Rule 12(e). *See, e.g., Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152, at *4 (S.D.N.Y. Oct. 19, 2004). In patent cases, a more definite statement is required where a complaint fails to identify any particular product or service that allegedly infringes the patent-in-suit. *eSoft, Inc. v. Astaro Corp.*, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006) ("Defendant cannot realistically be expected to frame a responsive pleading without risk of prejudice in the absence of any indication as to which of its products are accused."); *see also Pharmaceutical Solutions, Inc. v. Vitamax RX*, 2006 WL 14559, at *3 (D. Minn. Jan. 3, 2006) (granting accused infringer's motion for a more definite statement and requiring patentee to amend its complaint to "identify which product or products allegedly manufactured or sold by the

1  American Veterinary Defendants is alleged to infringe PSI's patents"); *Bay Indus.,*
2  *Inc. v. Tru-Arx Manuf., LLC*, 2006 U.S. Dist. LEXIS 86757, at *4-*5 (E.D. Wis.
3  Nov. 29, 2006) (requiring identification of infringing product or a "limiting
4  parameter" to avoid placing burden on defendant to compare its products with the
5  patent claims, guessing which of its products infringe or guessing how its products
6  might fall within plaintiff's interpretation of the patent claims); *In re Papst*
7  *Licensing*, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) (granting motion for
8  more definite statement because plaintiff's complaint failed to specifically identify
9  the defendant's products which allegedly infringed the patents-in-suit).

10  RPost's failure to plead any facts that could plausibly support a claim for
11  inducement of infringement or contributory infringement renders its complaint
12  exceedingly vague. RPost has not specifically identified any particular product or
13  service of the many that AOL or Yahoo! offer, let alone how any such products or
14  services can materially contribute to infringement of the asserted patents. *See Gen-*
15  *Probe,* 926 F. Supp. at 962 (vague reference to "products and/or kits" did not
16  provide adequate notice). Likewise, RPost has not provided even a cursory
17  allegation of how those products or services "aid and abet" direct infringement of
18  the patents. RPost's inadequate pleading places the burden on AOL and Yahoo! to
19  guess how to respond. *See Li Ming Tseng*, 2009 U.S. Dist. LEXIS 112124, at *2-
20  *3 ("A court should not accept . . . 'allegations that are merely conclusory,
21  unwarranted deductions of fact, or unreasonable inferences'" (quoting *Sprewell v.*
22  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)(citations omitted)). In
23  this situation, if the Court does not dismiss RPost's claim for its pleading failure,
24  the Court should order RPost to amend its complaint to provide a more definite
25  statement regarding its claim of indirect infringement against these defendants.
26
27
28

### C. The Court Should Stay Discovery Pending RPost's Filing of A Complaint that Meets the Requirements of Rule 8

The *Twombly* Court observed that "[w]hen the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citations omitted). In keeping with this observation, AOL and Yahoo! seek a stay of their discovery obligations under the Federal Rules of Civil Procedure and the local rules of this judicial district pending RPost's filing of a complaint that can pass muster under Rule 8. Until RPost has made the "showing" required by Rule 8 and has given AOL and Yahoo! fair notice of the nature of its claim and the grounds on which it rests, neither defendant should not be forced to incur the burden and expense of providing discovery to RPost. *Twombly* directly addressed the problem of requiring a defendant to litigate against inadequately pled claims:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. And it is self-evident that the problem of discovery abuse cannot be solved by "careful scrutiny of evidence at the summary judgment stage," much less "lucid instructions to juries"; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings.

550 U.S. at 559 (citations omitted); *see also, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980) ("[I]f the allegations of the complaint fail to

1 establish the requisite elements of the cause of action, our requiring costly and time
2 consuming discovery and trial work would represent an abdication of our judicial
3 responsibility."); *Greene v. Emersons, Ltd.*, 86 F.R.D. 66, 73 (S.D.N.Y. 1980)
4 ("[d]efendant has the right . . . to challenge the legal sufficiency of the complaint's
5 allegations against him, without first subjecting himself to discovery procedures").
6 The *Twombly* Court concluded that only by requiring a plaintiff to plead sufficient
7 allegations could the "potentially enormous expense" of discovery be avoided in
8 cases where the complaint shows no plausible entitlement to relief. *Twombly*, 550
9 U.S. at 559.  Such a stay is proper here, and RPost does not oppose it.

## CONCLUSION

RPost has not sufficiently pled its claim for indirect infringement under the pleading standards articulated by the United States Supreme Court. Accordingly, the Court should dismiss that claim and strike the related prayers for relief. In the alternative, the Court should require RPost to provide a more definite statement. In the meantime, and with RPost's consent, the Court should order that AOL and Yahoo! need not provide discovery in the form of initial disclosures or otherwise unless and until RPost complies to the Court's satisfaction with Rule 8.

Dated: December 14, 2009        FENWICK & WEST LLP


                                By: */s/Virginia K. DeMarchi*
                                    Virginia K. DeMarchi

                                Attorneys for Defendant
                                AOL LLC

Dated: December 14, 2009        KEATS MCFARLAND & WILSON LLP


                                By: */s/Dennis L. Wilson*
                                    Dennis L. Wilson

                                Attorneys for Defendant
                                YAHOO! INC.