1  Henry Ben-Zvi, State Bar No. 105419
   BEN-ZVI & ASSOCIATES
2  3231 Ocean Park Blvd., Suite 212
   Santa Monica, CA 90405
3  310.664.1570

4  Attorneys for Plaintiffs RPOST
   HOLDINGS, INC., RPOST
5  INTERNATIONAL LIMITED, and
   RMAIL LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED<br><br>Plaintiffs,<br><br>vs.<br><br>GOODMAIL SYSTEMS, INC.,<br><br>Defendant.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV 09-06668 SVW (SSx)<br><br>**PLAINTIFFS' OPPOSITION TO AOL AND YAHOO! INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND FOR STAY OF DISCOVERY; DECLARATION OF HENRY BEN-ZVI**<br><br>Date:    February 8, 2010<br>Time:    1:30 p.m.<br>Crtrm:   Honorable Stephen V. Wilson |

# TABLE OF CONTENTS

**Page No.**

I.   Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II.  Factual and Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . -1-

III. The FAC Gives AOL/Yahoo Fair Notice and Is Therefore Sufficient. . . -3-

IV.  AOL/Yahoo's Rule 12(e) Motion Should Be Denied. . . . . . . . . . . . . . . -8-

V.   RPost Requests Leave to Amend. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

VI.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

# TABLE OF AUTHORITIES

**Page No.**

**Federal**

Anticancer Inc. v. Xenogen Corp.,
    (S.D. Cal. 2007) 248 F.R.D. 278........................................ -6-

Ashcroft v. Iqbal,
    (2009) 129 S. Ct. 1937........................................ -1-, -3-

Bell Atlantic v. Twombly,
    (2007) 550 U.S. 544........................................ -1-, -3-, -4-, -7-

Boykin v. Keycorp,
    (2008) 521 F. 3d 202........................................ -8-

Bureerong v. Uvawas,
    (C.D.Cal.1996) 922 F.Supp. 1450........................................ -9-

C.B. v. Sonora School District,
    (E.D. Cal September 22, 2009) 2009 WL 3077989........................................ -8-

CBT Flint Partners, LLC v. Goodmail Systems, Inc.,
    (N.D. Ga. 2007) 529 F.Supp. 2d 1376........................................ -7-

Davidson v. Santa Barbara High Sch. Dist.,
    (C.D.Cal.1998) 48 F.Supp.2d 1225........................................ -9-

Elan Microelectronics Corp. v. Apple, Inc.,
    (N.D. Cal. September 14, 2009) 2009 WL 2972374........................................ -6-

Famolare, Inc. v. Edison Bros. Stores, Inc.,
    (E.D.Cal.1981) 525 F.Supp. 940........................................ -9-

Fotomedia Technologies, LLC v. AOL, LLC,
    (E.D. Tx. August 29, 2008) 2008 WL 4135906........ -4-, -5-, -6-, -7-, -13-

McZeal v. Sprint Nextel Corp.,
    (Fed. Cir. 2007) 501 F.3d 1354........................................ -3-, -4-, -6-, -7-

O'Toole v. Northrup Grumman Corp.,
    (10th Cir. 2007) 499 F.3d 1218........................................ -2-

PA Advisors, LLC v. Google, Inc.,
    (E.D. Tx. August 8, 2008) 2008 WL 4136426........... -4-, -5-, -6-, -7-

San Bernardino Pub. Employees Ass'n v. Stout,
    (C.D. Cal.1996) 946 F.Supp. 790........................................ -9-

Sharafabadi v. University of Idaho,
    (W.D. Wa. November 27, 2009) 2009 WL 4432367........................................ -6-

**Statutes & Rules**

Federal Civil Procedure Before Trial § 9:351 (2000).. . . . . . . . . . . . . . . . . . . . . . -10-

Federal Rule of Civil Procedure 8 (a)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Federal Rule of Civil Procedure 15(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

**Other Authorities**

Charles Alan Wright & Arthur R. Miller,
    <u>Federal Practice and Procedure</u> (2d ed.) § 1376.. . . . . . . . . . . . . . . . . . . . . -10-

Plaintiffs RPost Holdings, Inc., RPost International Limited, and Rmail Limited (collectively "RPost") oppose AOL LLC's ("AOL") and Yahoo, Inc.'s ("Yahoo") (collectively "AOL/Yahoo") motion to dismiss.

## I. INTRODUCTION

The touchstone of notice pleading is whether the plaintiff has provided the defendant "fair notice" of the claims against which it must defend and the grounds upon which those claims rest. If the factual allegations do so, the Court must then consider whether they give rise to the Plaintiff's "plausible entitlement" to relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). Here, RPost's First Amended Complaint (the "FAC") plainly satisfies those requirements. Indeed, AOL/Yahoo selectively limit their legal argument to three cases that they believe further their argument while flatly ignoring contrary – and more relevant – authorities. As we show, AOL/Yahoo's motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

RPost filed its original complaint on September 14, 2009, alleging direct patent infringement by Goodmail Systems, Inc. ("Goodmail"). The original complaint asserted that a specific Goodmail product – which it calls Certified Email Paper Suppression ("CEPS") – infringed two patents owned by or licensed to RPost. Following the filing of the original complaint and delivery of it to Goodmail,[1] Goodmail added a page to its web-site that said: CEPS "is available at

---

[1] RPost sent Goodmail a waiver of service form on September 15, 2009. Goodmail's counsel signed the form on or about October 9, 2009. RPost sent Goodmail's counsel a copy of the FAC on October 13, 2009. Goodmail answered the First Amended Complaint on November 16, 2009. [See Declaration
(continued...)

our deployed partner webmail providers: AOL, BT and Yahoo! and will be deployed at AT&T, Comcast, Cox, TimeWarner, Verizon in the coming months." [See Ben-Zvi Decl. ¶3 and Exhibit B.][2]

As a consequence of Goodmail's public declaration that it had deployed CEPS and was partnering with AOL/Yahoo to provide CEPS to the public, RPost amended its complaint before Goodmail answered.[3] The FAC restated RPost's direct infringement claims against Goodmail and added a single claim against AOL/Yahoo, stating AOL/Yahoo "aid, abet, and contribute to Goodmail's infringement of Plaintiffs' patents. On information and belief, Goodmail uses goods and services provided by AOL and Yahoo to provide its CEPS service to its customers. On information and belief, AOL and Yahoo are aware of Plaintiff's patents and know that the goods and services they provide Goodmail aid, abet, and contribute to Goodmail's infringement of those patents." [FAC, ¶17.]

\\\
\\\
\\\
\\\

---

[1](...continued)
of Henry Ben-Zvi ("Ben-Zvi Decl.") ¶¶2-3.]

[2] Although we do not ask the Court to take judicial notice of what Goodmail has posted on its web-site – even though it could do so, see O'Toole v. Northrup Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web") (citations omitted) – we believe Goodmail's public declaration that AOL and Yahoo were its "deployed partner webmail providers" strongly refutes AOL/Yahoo's claimed ignorance of what it is they are doing that is the subject of RPost's claims against them.

[3] The version of Federal Rule of Civil Procedure 15(a)(1)(A) effective through December 1, 2009 provided that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."

## III. THE FAC GIVES AOL/YAHOO FAIR NOTICE AND IS THEREFORE SUFFICIENT

Notwithstanding AOL/Yahoo's suggestion that in Bell Atlantic v. Twombly, 550 U.S. 554 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) the Supreme Court made wholesale changes to the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, the Supreme Court did not throw out the basic pleading requirements that have been in effect for decades. Notice pleading is still the standard, and a plaintiff still needs only to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2); Twombly, 550 U.S. at 555; Iqbal, 129 S.Ct. at 1949. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations . . . .[¶] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . [¶] Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949-50 (quoting Twombly, 550 U.S. at 555, internal quote marks omitted).

Whether, and if so how, Twombly and Iqbal apply in patent infringement cases has received limited analysis in the lower courts. AOL/Yahoo cite a handful of district court patent cases, but AOL/Yahoo curiously fail to mention the only Federal Circuit case addressing the issue. In McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007)[4], the Federal Circuit concluded that in a patent infringement action, "a patentee need only plead facts sufficient to place the

---

[4] Although McZeal was published before Iqbal, it explicitly considered Twombly.

alleged infringer on notice as to what he must defend." 501 F.3d at 1357 (citing Twombly). Accordingly, McZeal held that in a direct infringement case (which was the issue was there), the plaintiff need only allege the following: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages)." 501 F.3d at 1357 (citations omitted).

Under the McZeal standard, the FAC is plainly sufficient to state a direct infringement claim. Indeed, the relevant charging allegations against Goodmail are it offers CEPS, and CEPS infringes RPost's patents. [See FAC, ¶¶11, 12.] Presumably recognizing these allegations sufficed to state a claim, Goodmail answered the FAC.

Implicitly, though, AOL/Yahoo argue that a different rule applies to non-direct patent infringement cases. In this respect, there is a split among those district courts that have considered the issue.

Some district courts have recognized that the principles set forth in McZeal with respect to direct infringement actions apply equally to indirect infringement claims. See, e.g., Fotomedia Technologies, LLC v. AOL, LLC, 2008 WL 4135906 (E.D. Tx. August 29, 2008)[5]; PA Advisors, LLC v. Google, Inc., 2008 WL 4136426 (E.D. Tx. August 8, 2008).[6]

---

[5] The Westlaw decision of Fotomedia cited is the Magistrate Judge's report and recommendation. The District Court adopted the report. See Memorandum Order dated September 24, 2008 (copy attached to the Ben-Zvi Declaration as Exhibit B).

[6] Ironically, Yahoo – one of the two moving parties on this motion – was the moving party in both Fotomedia and PA Advisors, and AOL – the other
(continued...)

OPPOSITION TO AOL AND YAHOO! INC.'S MOTION TO DISMISS 1ST AMENDED COMPLAINT AND FOR STAY OF DISCOVERY
-4-

In <u>Fotomedia</u>, the plaintiff made the following allegation:

> [The defendants] have been and are now directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of, the '774 patent in the State of Texas, in this judicial district, and elsewhere within the United States by, among other things, making, using, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services covered by one or more claims of the '774 patent, all to the injury of FotoMedia.

2008 WL 4135906 at *1.

Similarly, in <u>PA Advisors</u>, the relevant charging allegation was the following:

> Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '067 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by providing, among other things, methods and systems (including, but not limited to, Yahoo! Search Marketing, Sponsored Search, Y!Q Search, Yahoo! Behavioral Targeting, Fusion, Impulse, Shoppers, Engagers, Yahoo! Publisher Network, and Yahoo! Accounts' personalized features) implemented by and through various websites (including, but

---

[6](...continued)
moving party on this motion – joined in Yahoo's motion in <u>Fotomedia</u>. See <u>Fotomedia</u>, 2008 WL 4135906 at *1; <u>PA Advisors</u>, 2008 WL 4136426 at *1.

1 | not limited to, www.yahoo.com, http:// search.yahoo.com,
2 | http://cm.my.yahoo.com, http://yq.search.yahoo.com, http://
3 | myweb2.search.yahoo.com, and http://toolbar.yahoo.com) that
4 | comprise systems and methods for automatically generating
5 | personalized user profiles and for utilizing the generated
6 | profiles to perform adaptive Internet or computer data searches
7 | as covered by one or more claims of the '067 Patent. Defendant
8 | Yahoo is thus liable for infringement of the '067 Patent
9 | pursuant to 35 U.S.C. § 271.

2008 WL 4136426 at *1.

In both cases, the court concluded these general allegations were sufficient under Rule 8. See Fotomedia, 2008 WL 4135906 at *2 ("The level of detail provided by Fotomedia in its allegations of indirect infringement are similar to those approved by Form 16, the Federal Circuit, and the courts in this district"); PA Advisors, 2008 WL 4136426 at *6 (holding that McZeal's rule applied to indirect infringement actions as well as to direct infringement claims).

Other courts, though, have concluded McZeal is limited to its particular facts and have required greater specificity than McZeal required for direct infringement actions. See, e.g., Elan Microelectronics Corp. v. Apple, Inc., 2009 WL 2972374 (N.D. Cal. September 14, 2009); Sharafabadi v. University of Idaho, 2009 WL 4432367 (W.D. Wa. November 27, 2009).[7] Not surprisingly, AOL/Yahoo rely on those cases (and don't even mention Fotomedia or PA Advisors).

\\\
\\\

---

[7] Anticancer Inc. v. Xenogen Corp., 248 F.R.D. 278 (S.D. Cal. 2007), preceded McZeal, and the court there did not have the benefit of the Federal Circuit's analysis.

1  At least one court has flatly rejected this view.  See CBT Flint Partners,
2  LLC v. Goodmail Systems, Inc., 529 F.Supp. 2d 1376, 1380 (N.D. Ga. 2007)[8]
3  (Post-Twombly, pre-McZeal contributory infringement action holding that
4  "[a]lthough the Form only provides a model for pleading direct infringement, there
5  is no principled reason, at least not one advanced by the Defendant, for requiring
6  more factual detail when the claim is one for contributory infringement as opposed
7  to direct infringement.")[9]

8  RPost's FAC is certainly sufficient under Fotomedia, PA Advisors, and
9  CBT Flint.  And, as Goodmail has recognized, the FAC would plainly be
10 sufficient if RPost's claim against AOL/Yahoo were for direct infringement.
11 RPost identifies specifically how AOL/Yahoo infringe – by providing Goodmail
12 goods[10] and services allowing Goodmail to provide CEPS to its customers.
13 Indeed, the allegations that were deemed sufficient in Fotomedia were even less
14 specific than what RPost alleges here – all the plaintiff there did was identify the
15 patent and allege the defendant was liable for indirect infringement.  It did not, as
16 RPost has done, identify the specific product that causes the infringement.  Unless

---

[8] The defendant in CBT Flint was Goodmail, the defendant here on the direct infringement claim.

[9] In CBT Flint, the relevant charging allegations of non-direct infringement was "on information and belief, Goodmail has infringed and continues to infringe, has actively and knowingly induced and continues to actively induce infringement of, and/or has contributed to and continues to contribute to acts of infringement of one or more claims of the" patent-in-suit.  529 F. Supp. 2d at 1378.  The court found these allegations sufficient under Rule 8.  529 F. Supp. 2d at 1381.

[10] AOL/Yahoo's argument that contributory infringement is limited to providing a product is true but irrelevant.  RPost alleges AOL/Yahoo provides goods – i.e., a product.  There is no requirement that RPost also allege that the component AOL/Yahoo provides were specifically made, or adapted from the infringement.

there is a principled reason to impose greater requirements on plaintiffs who sue for indirect infringement than is required when they sue for direct infringement – and at least one court has flatly held there is no such reason – then AOL/Yahoo's motion should be denied.[11]

Moreover, RPost's allegations meet the plausibility test. They plainly do so as to Goodmail's direct infringement, and RPost alleges that AOL/Yahoo are assisting Goodmail in committing that infringement. There is nothing implausible about this allegation, especially since Goodmail has publically declared AOL/Yahoo are partners with Goodmail in providing CEPS to the public.

But beyond the legal analysis of Rule 8 – which, as we have demonstrated, holds the FAC is sufficient – AOL/Yahoo are plainly in a position to respond to the FAC. They are Goodmail's "deployed partners" in offering the infringing CEPS service. They plainly know precisely what they do in connection with CEPS. They plainly know whether CEPS infringes RPost's patents and their role in CEPS. Their motion to dismiss should be denied.

## IV. AOL/YAHOO'S RULE 12(e) MOTION SHOULD BE DENIED

Recently, in C.B. v. Sonora School District, 2009 WL 3077989 (E.D. Cal September 22, 2009), the court outlined the principles concerning a motion for a more definite statement:

\\\

\\\

---

[11] AOL/Yahoo's assertion that an "information and belief" allegation is insufficient is simply erroneous. See Boykin v. Keycorp, 521 F. 3d 202, 215 ("pleading on information and belief is generally appropriate [where the defendant has the relevant knowledge]") (citation omitted). Here, of course, the basis of RPost's information and belief about AOL/Yahoo's infringing activities comes from Goodmail's website.

A Rule 12(e) motion for a more definite statement must be considered in light of Rule 8's liberal pleading standards in federal court. *See, e.g., Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D.Cal.1996).

A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, *i.e.,* so vague that the defendant cannot begin to frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D.Cal.1981). The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted. *See Bureerong,* 922 F.Supp. at 1461; *see also San Bernardino Pub. Employees Ass'n v. Stout,* 946 F.Supp. 790, 804 (C.D. Cal.1996) ("A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her.").

The Court may also deny the motion if the detail sought by a motion for more definite statement is obtainable through discovery. *See Davidson v. Santa Barbara High Sch. Dist.,* 48 F.Supp.2d 1225, 1227 (C.D.Cal.1998). "Thus, the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small-the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must not be so vague or ambiguous that the

opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed.) § 1376.

Whether to grant a Rule 12(e) motion for a more definite statement lieswithin the wide discretion of the district court. *See id.* § 1377. However, "[m]otions for more definite statement are viewed with disfavor, and are rarely granted." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:351 (2000).

2009 WL 3077989 at *6 (citations omitted).

The touchstone here is extreme indefiniteness or unintelligibility. A Rule 12(e) motion should be granted only where a complaint is so vague or incomprehensible that the defendant has no idea whatsoever what the plaintiff is alleging.

Plainly, the FAC is not unintelligible, or so vague and ambiguous, that AOL/Yahoo cannot frame responses to it. Their Rule 12(e) motion should be denied.

## V.   RPOST REQUESTS LEAVE TO AMEND

In the event the Court concludes the FAC is insufficient, RPost requests leave to amend. It can allege additional facts concerning AOL/Yahoo's actions with respect to CEPS which it believes will satisfy Rule 8's requirements. Moreover, as to AOL/Yahoo, the FAC is the first pleading asserted against them.

\\\
\\\

## VI. CONCLUSION

RPost's FAC sufficiently alleges the facts necessary for AOL/Yahoo to know what they are being charged with and what they must defend against. That is all RPost is obliged to do at this stage. The Court should deny AOL/Yahoo's motion. If, however, the Court believes the FAC is insufficient, RPost seeks leave to amend.

Dated: January 15, 2010

Respectfully submitted,

BEN-ZVI & ASSOCIATES

By: _____/S/_____
HENRY BEN-ZVI
Attorneys for Plaintiffs RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED

# DECLARATION OF HENRY BEN-ZVI

I, Henry Ben-Zvi, declare:

1. I am the owner of Ben-Zvi & Associates, counsel of record for Plaintiffs RPost Holdings, Inc., RPost International Limited, and Rmail Limited (collectively "RPost") in this case. I have personal knowledge of the following and if called to testify could and would state as follows.

2. On September 14, 2009, I caused RPost's original Complaint to be filed. The Complaint asserted a single claim of direct patent infringement against Goodmail Systems, Inc. ("Goodmail"). The next day (September 15, 2009) I caused a waiver of service form to be sent to Goodmail, at that time the only defendant in this action. Goodmail's counsel signed the waiver form on or about October 13, 2009.

3. In late September or early October 2009, I saw that Goodmail had added a page to its website. The page (a true and correct copy of a printout of the page is attached as Exhibit A) asserted that CEPS "is available at our deployed partner webmail providers: AOL, BT and Yahoo! and will be deployed at AT&T, Comcast, Cox, TimeWarner, Verizon in the coming months." As a consequence, RPost determined AOL LLC and Yahoo Inc. (collectively "AOL/Yahoo") were likely liable for assisting Goodmail in its infringement activities. Accordingly, on October 9, 2009, I caused RPost's First Amended Complaint (the "FAC") to be filed. The FAC repeats the direct infringement claim against Goodmail and adds an indirect infringement claim against AOL/Yahoo. I also sent a copy of the FAC to Goodmail's counsel on October 13, 2009. Goodmail answered the FAC on November 10, 2009.

\\\

     4.    I attach as Exhibit B a true and correct copy of the September 28, 2008 Memorandum Decision of the District Court in <u>Fotomedia Technologies, LLC v. AOL, LLC</u>, 2008 WL 4135906 (E.D. Tx. August 29, 2008). This decision is available on PACER.

I declare under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of January, 2010, at Santa Monica, California

                                                 /S/
                                      Henry Ben-Zvi



Products   Solutions   Whitepapers   Customers   International   News   Partners   About Us   Follow us   Search

Customer login

**I'm interested!**
Send me information about CertifiedEmail Paper Suppression.

**PRODUCTS**

CertifiedEmail Paper Suppression
CertifiedEmail Paper Suppression Overview
I'd like to know more about CertifiedEmail Paper Suppression

**Related Content:**

Get a free copy of a Goodmail commissioned JupiterResearch report:
The ROI of Rendering: Tactics to Improve Trust, Message Delivery and Email Effectiveness



## CertifiedEmail™ Paper Suppression Solution

### What is CertifiedEmail Paper Suppression?

Does your company process consumer notifications requiring regulatory compliance? If so, then CertifiedEmail Paper Suppression (CertifiedEmail PS) is right for you. With CertifiedEmail PS digital signature technology, we validate the exact contents of each message you send. We give you legal proof of the date and time you sent it, and exactly when it was received at the recipient's server-level email inbox.

Use our CertifiedEmail PS technology to meet regulatory compliance **Regulation Z, Sarbanes-Oxley** and the **Gramm-Leach-Bliley Act** without the time and expense of paper notifications.

Are you qualified to send CertifiedEmail? Take our quick and free prequalification check.

Download the datasheet for CertifiedEmail Paper Suppression

### Benefits

With CertifiedEmail Paper Suppression, you get all the benefits of CertifiedEmail —while cutting costs and reducing waste:

- **Save Labor.** Paper notices cost between $0.35 and $1.50 to process, vs. $0.03 for CertifiedEmail PS.
- **Save Time.** Consumer notifications arrive faster, contracting the timeline for regulated consumer processes, such as collections, service actions, etc.
- Save Trees. A ream of paper (500 sheets) costs $0.80, produces 5 lbs. of $CO_2$, and uses 6% of a tree. (Source: www.whatsyourwedge.com)

### Get Proof

CertifiedEmail PS provides proof-positive that you've delivered your message. Use CertifiedEmail PS for:

- Changes in credit terms
- Changes in privacy policy
- Notices of overdue payment
- Legal notices
- Bills, invoices and other transactional email flows
- Investment holdings notices
- Service scheduling and other appointments

### Who should use CertifiedEmail PaperSuppression?

- Financials: banks, brokerages, credit card companies
- Utilities: telecom, cable, wireless, gas & electric
- Insurance companies: life, health, auto
- Healthcare companies: doctors, hospitals, pharmacies

### How It Works

CertifiedEmail PS simplifies the process of sending legal notices and documents that need delivery verification. The client—

- Receives Goodmail accreditation.
- Selects the Paper Suppression token type when sending a message.
- Sends the messages through an email service provider or in-house platform that supports CertifiedEmail.
- Archives the message, including the token, to use for proof at a later date.
- Forwards the archived message to verify@goodmailsystems.com.

Goodmail—

- Verifies that the digital signature matches the copy kept by Goodmail, and that no part of the message has been compromised (sender, recipient, message content, time of send/delivery).
- Reviews the ISP records to get the exact time of message delivery to the recipient inbox.
- Provides the client with the message data.

### Pricing

CertifiedEmail Paper Suppression is a premium service for transactional consumer email communications requiring legal proof of delivery. The fee for each CertifiedEmail PS message is a low $0.03 — only $30.00 CPM for documentation that could save millions in lawsuits or lost deals.

[1]100% assured delivery is available at our deployed partner webmail providers: AOL, BT and Yahoo! and will be deployed at AT&T, Comcast, Cox, TimeWarner, Verizon in the coming months.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FOTOMEDIA TECHNOLOGIES, LLC | § § | |
| v. | § § | CIVIL ACTION NO. 2:07-CV-255 |
| AOL, LLC, ET AL. | § | |

## MEMORANDUM ORDER

The above-titled and numbered civil action was heretofore referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of the defendants' motion (Nos. 66 and 71) to dismiss or, in the alternative, for a more definite statement, have been presented for consideration. No objections were filed to the Report and Recommendation. The court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the court hereby adopts the report of the United States Magistrate Judge as the findings and conclusions of this court. Accordingly, the court denies the defendants' motions to dismiss or, in the alternative, for a more definite statement.

SIGNED this 24th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**EXHIBIT B**
-15-