DARRYL M. WOO (CSB NO. 100513)
E-Mail: dwoo@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
E-Mail: vdemarchi@fenwick.com
TODD R. GREGORIAN (CSB NO. 236096)
E-Mail: tgregorian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendant
AOL LLC

DENNIS L. WILSON (CSB NO. 155407)
E-Mail: dwilson@kmwlaw.com
DAVID K. CAPLAN (CSB NO. 181174)
E-Mail: dcaplan@kmwlaw.com
KEATS MCFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Defendant
YAHOO! INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RPOST HOLDINGS, INC., RPOST INTERNATIONAL LIMITED, and RMAIL LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GOODMAIL SYSTEMS, INC., AOL LLC, and YAHOO! INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV09-6668-SVW (SSx)<br><br>**DEFENDANTS AOL AND YAHOO! INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT AND FOR STAY OF DISCOVERY**<br><br>Date: February 8, 2010<br>Time: 1:30 p.m.<br>Dept.: 6<br>Judge: Hon. Stephen V. Wilson |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT .............................................................................................................. 2

    A. RPost Does Not Dispute That It Has Failed to Plead the Elements of a Claim for Inducement of Infringement or a Claim for Contributory Infringement ...................... 2

    B. RPost Points to No Facts That Support a "Plausible Entitlement to Relief" ............................................................ 4

    C. The Cases on Which RPost Relies Do Not Support Its Position ............................................................... 6

    D. RPost's Reliance on Form 18 Is Misplaced ......................................... 8

    E. RPost Is Not Entitled to Leave to Amend ............................................ 9

    F. In the Alternative, the Court Should Require RPost to Provide a More Definite Statement ..................................... 10

CONCLUSION ..................................................................................................... 11

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agilent Techs., Inc. v. Micromuse, Inc.*,
  2004 WL 2346152 (S.D.N.Y. Oct. 19, 2004) ...................................................... 11

*Antonious v. Spalding & Evenflo Co.*,
  275 F.3d 1066 (Fed. Cir. 2002) ............................................................................ 6

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ............................................................................ 1, 6, 8, 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. *passim*

*Brown v. Lab One, Inc.*,
  313 Fed. Appx. 952 (9th Cir. 2009) .................................................................. 10

*C.B. v. Sonora School Dist.*,
  2009 WL 3077989 (E.D. Cal. Sept. 22, 2009) ................................................... 11

*Car Carriers, Inc. v. Ford Motor Co.*,
  745 F.2d 1101 (7th Cir. 1984) ............................................................................. 4

*CBT Flint Partners, LLC v. Goodmail Systems, Inc.*,
  529 F. Supp. 2d 1376 (N.D. Ga. 2007) ............................................................... 8

*Conley v. Gibson*,
  355 U.S. 41 (1957) .............................................................................................. 2

*Coolsavings.com Inc. v. Catalina Mktg. Corp.*,
  1999 U.S. Dist. LEXIS 7891 (N.D. Ill. May 14, 1999) ....................................... 3

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) (en banc in relevant part) ................................. 3

*Elan Microelectronics Corp. v. Apple Inc.*,
  2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009) .................................. 9

*eSoft, Inc. v. Astaro Corp.*,
  2006 U.S. Dist. LEXIS 52336 (D. Colo. July 31, 2006) ................................... 11

*FotoMedia Technologies, LLC v. AOL, LLC*,
  2008 U.S. Dist. LEXIS 109403 (E.D. Tex. Aug. 29, 2008) ................................ 7

*Havoco of Am., Ltd. v. Shell Oil Co.*,
  626 F.2d 549 (7th Cir. 1980) ............................................................................... 5

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................ 3

*MacNeill Eng'g Co. v. Trisport, Ltd.*,
  59 F. Supp. 2d 199 (D. Mass. 1999) .................................................................... 3, 4

*McZeal v. Sprint Nextel Corp*,
  501 F.3d 1354 (Fed. Cir. 2007) ...................................................................... 6, 7, 8, 9

*PA Advisors, LLC v. Google, Inc.*,
  2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 8, 2008) ....................................... 7

*Pharmaceutical Solutions, Inc. v. Vitamax RX*,
  2006 WL 14559 (D. Minn. Jan. 3, 2006) ............................................................ 11

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
  360 F.3d 1295 (Fed. Cir. 2004) ............................................................................ 6

*Sharafabadi v. Univ. of Idaho*,
  2009 U.S. Dist. LEXIS 11904 (W.D. Wa. Nov. 27, 2009) .................................. 9

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
  368 F.3d 1053 (9th Cir. 2004) ............................................................................ 10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ............................................................................ 3

**STATUTES AND RULES**

35 U.S.C. § 271(c) ................................................................................................... 3

Federal Rule of Civil Procedure 8 ................................................................. *passim*

Federal Rule of Civil Procedure 11(b)(1)-(3) ........................................................ 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................ 11

Federal Rule of Civil Procedure 84 ....................................................................... 9

**OTHER AUTHORITIES**

David R. Donogue, *The Uneven Application of Twombly in Patent
  Cases,* 8 J. Marshall Rev. Intell. Prop. L. 1, 8-10 (2008) .................................... 8

## I. INTRODUCTION

In opposing AOL[1] and Yahoo!'s motion to dismiss, RPost admits that its *sole basis* for asserting claims against AOL and Yahoo! in its complaint is a statement on Goodmail's website that RPost extrapolates to mean that Goodmail's "[CertifiedEmail Paper Suppression service] 'is available at [Goodmail's] deployed partner webmail providers AOL … and Yahoo!.'"[2]  [Pl. Opp. at 1-2.]  Based on that single extrapolated statement, which is not referenced in the complaint itself, RPost opposes AOL and Yahoo!'s motion to dismiss by arguing, essentially, that merely conclusory allegations of infringement are sufficient because the defendants know what they are doing, relieving RPost of its obligation to actually plead the law and facts necessary to support a claim for relief.  This is not, and never has been, the standard for notice pleading in the federal courts.

In support of its argument, RPost pretends not only that the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) worked no significant changes in the requirements for pleading claims under Rule 8 of the Federal Rules of Civil Procedure, but also that it is unclear whether and how those decisions apply in patent infringement cases.  [*See* Pl. Opp. at 3.]  RPost ignores *Twombly*'s explanation of the applicable pleading standard – quoted at length in AOL and Yahoo!'s motion to dismiss – and *Twombly*'s rejection of the decades-old "no set of

---

[1]  On December 4, 2009, AOL LLC transferred substantially all of its assets and liabilities to AOL Inc. [*See* Doc. 28, AOL Disclosure Statement.]  RPost has not amended its complaint to account for this development.

[2]  In fact, the statement in a footnote on Goodmail's website, located at http://www.goodmailsystems.com/products/paper-suppression/, actually states that "100% assured delivery is available at our deployed partner webmail providers: AOL, BT and Yahoo!."  Although the footnote appears on a web page that discusses the CertifiedEmail Paper Suppression service, the footnote itself has no antecedent in any place in the text of the webpage, and it refers to "100% assured delivery," not Paper Suppression.  "100% assured delivery" (which is not defined on the web page) is not what is alleged to directly infringe RPost's patents nor is it a product or service.

1

facts" formulation of the pleading standard from *Conley v. Gibson*, 355 U.S. 41 (1957). RPost also ignores *Iqbal*'s express holding that the standard announced in *Twombly* applies generally to *all* claims governed by Rule 8 which necessarily includes patent infringement claims.

Contrary to RPost's suggestion, AOL and Yahoo!'s motion to dismiss does not depend on this Court's adopting a standard of pleading for claims of indirect patent infringement that is higher than or different from the standard applicable to claims of direct infringement. The applicable standard is the one articulated in *Twombly* and *Iqbal*: the complaint must plead facts that show a plausible entitlement to relief. RPost has not even pled the necessary *elements* of an indirect infringement claim against AOL and Yahoo!, let alone *facts* sufficient to support such a claim. RPost's opposition makes clear that this failure to assert facts was not an oversight capable of correction through an amendment. Rather, RPost has no facts other than the single mischaracterized statement from the footnote on Goodmail's website. Even if the statement was accurately interpreted, RPost fails to demonstrate how this statement shows that AOL and Yahoo! induced or contributed to the alleged infringement. RPost points to no other facts on which it relies for these claims.

## II.    ARGUMENT

### A.    RPost Does Not Dispute That It Has Failed to Plead the Elements of a Claim for Inducement of Infringement or a Claim for Contributory Infringement

As pointed out in AOL and Yahoo!'s opening brief, RPost does not plead a separate claim for inducement of infringement against AOL or Yahoo! in its First Amended Complaint. Rather than dispute this point, RPost is silent in its opposition about its failure to plead a claim for inducement. More specifically, RPost does not dispute that a claim for inducement of infringement requires the patent holder to plead and prove that AOL and Yahoo! (i) knew of the patents-in-suit, (ii) knowingly induced acts constituting direct infringement of the patents-in-

2

suit, and (iii) possessed a specific intent to encourage another's direct infringement of the patents-in-suit. *See Vita-Mix Corp. v. Basic Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009). RPost also does not dispute that its complaint fails to allege that AOL and Yahoo! acted with the specific intent to encourage another's direct infringement of RPost's patents, a necessary element of the claim. *See DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304-05 (Fed. Cir. 2006) (en banc in relevant part) (noting that mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven); *Coolsavings.com Inc. v. Catalina Mktg. Corp.*, 1999 U.S. Dist. LEXIS 7891, at *5-7 (N.D. Ill. May 14, 1999). RPost does not dispute that it has failed to plead all of the elements necessary to state a claim for inducement of infringement.

Further, in its opposition, RPost does not dispute that to establish contributory infringement it must prove (i) that AOL and Yahoo! each sell or offer to sell a material component of an infringing device or process, (ii) that the component was especially made or adapted for such infringing use, (iii) that AOL and Yahoo! knew that the combination for which their components were especially made was both patented and infringing, and (iv) that such components have no substantial non-infringing uses. 35 U.S.C. § 271(c); *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1320 (Fed. Cir. 2009). RPost pleads *none* of these elements, and therefore fails to state a claim for contributory infringement. In opposing dismissal, RPost simply asserts that, while it must prove contributory infringement, it only need plead a claim for direct infringement. [*See* Pl. Opp. at 7 n.10.] To the contrary, RPost's failure to plead the requisite elements of a contributory infringement claim compels dismissal of this claim. *See MacNeill Eng'g Co. v. Trisport, Ltd.*, 59 F. Supp. 2d 199, 201-02 (D. Mass. 1999) (denying motion to amend complaint to add a claim for contributory patent infringement because patentee did not identify component it accused of contributorily infringing).

3

Accordingly, RPost's claims must be dismissed *regardless of the sufficiency of the factual allegations* in the complaint because RPost has failed to allege the necessary elements of a claim for inducement of infringement or a claim for contributory infringement. *See id.* ("Despite the liberal notice pleading standards[,] . . . a plaintiff 'is nonetheless required to set forth *factual allegations*, either direct or inferential, respecting *each material element* necessary to sustain recovery under some actionable legal theory'")(emphasis in original); *Twombly,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984) ("a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory").

## B. RPost Points to No Facts That Support a "Plausible Entitlement to Relief"

Even if RPost had asserted all the legal elements of its claims for indirect infringement, the complaint against AOL and Yahoo! should be dismissed because it contains insufficient facts to support any claim for relief against those defendants. RPost's claim for "aiding, abetting, and/or contributing to patent infringement" rests on nothing more than conclusory assertions of liability – exactly the kind of pleading the Supreme Court has rejected. *Twombly*, 550 U.S. at 556 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."). RPost has not pled any facts which, even if taken as true, would support claims for inducement of infringement or contributory infringement by AOL and Yahoo!. Specifically:

- RPost does not identify the "goods" or "services" that AOL and Yahoo! allegedly provide to Goodmail.
- RPost does not state what acts by AOL and Yahoo! induced or encouraged infringement by Goodmail (or anyone else).

1  • RPost states no facts from which it could be inferred that AOL and Yahoo! had a specific intent to induce or encourage infringement by Goodmail (or anyone else).

• RPost identifies no component sold by AOL or Yahoo! that is a material part of Goodmail's accused CertifiedEmail Paper Suppression service.

• RPost states no facts from which it could be inferred that any such as-yet-unidentified component was especially made or adapted for the accused infringing use, or that AOL and Yahoo! knew that the combination for which such components were especially made was both patented and infringing.

• RPost states no facts from which it could be inferred that any such as-yet-unidentified component has no substantial non-infringing use.

Unless RPost can allege, in good faith, facts supporting its indirect infringement claims, it should not be permitted to proceed with its complaint against AOL and Yahoo!. *See Twombly*, 550 U.S. at 558 ("[W]hen the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court'."); *Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980) ("[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility").

RPost does not dispute that its complaint fails to identify the "goods" or "services" allegedly provided by AOL and Yahoo!, nor does it dispute that the complaint otherwise fails to allege how AOL and Yahoo! actually induce or contribute to infringement of the patents. Instead, RPost argues that its claim is "plausible" because Goodmail's website includes a statement, in a footnote, that reads in its entirety: "100% assured delivery is available at our deployed partner

5

1  webmail providers: AOL, BT and Yahoo! and will be deployed at AT&T,
2  Comcast, Cox, TimeWarner, Verizon in the coming months." [*See* Pl. Opp. at 8;
3  Ben-Zvi Declaration (Doc. 35), Ex. A.] RPost does not explain how this statement,
4  which is not included or referenced in the complaint, makes its claims for indirect
5  infringement any more plausible than its current allegations. The statement implies
6  nothing more than that "100% assured delivery" is "available at" AOL and Yahoo!
7  and that Goodmail considers AOL and Yahoo! "deployed partners" who are
8  "webmail providers." A claim for inducement of infringement or contributory
9  infringement, and indeed the pre-filing investigation that must be done before such
10 a claim is asserted, requires more than this. Fed. R. Civ. P. 11(b)(1)-(3); *Q-*
11 *Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004)
12 (attorney must independently construe the claims of the patent and analyze them
13 against accused device/behavior); *Antonious v. Spalding & Evenflo Co.*, 275 F.3d
14 1066, 1074 (Fed. Cir. 2002) (same). At a minimum, RPost must plead the *facts* that
15 would plausibly support each of the elements of its claims for inducement of
16 infringement and contributory infringement.

17     **C.    The Cases on Which RPost Relies Do Not Support Its Position**
18         RPost appears to concede that when measured against the authority AOL and
19 Yahoo! cite, its complaint fails to meet Rule 8's pleading standards. [Pl. Opp. at 4.]
20 RPost suggests, however, that the Federal Circuit's decision in *McZeal v. Sprint*
21 *Nextel Corp*, 501 F.3d 1354 (Fed. Cir. 2007), nevertheless interprets *Twombly* and
22 *Iqbal* as permitting patent infringement claims to be pled in the conclusory fashion
23 RPost has adopted. [*See* Pl. Opp. at 4.] This is not an accurate reading of *McZeal*.
24         As RPost concedes, *McZeal* concerned claims for direct infringement only,
25 not indirect infringement. *See* 501 F.3d at 1356-58. But even in RPost's telling,
26 *McZeal* requires more than what RPost has alleged, including, in particular, "a
27 statement that [the] defendant has been infringing the patent 'by making, selling,
28 and using [the device] embodying the patent.'" [Pl. Opp. at 4.] In fact, the *pro se*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

plaintiff in *McZeal* specifically identified the allegedly infringing device ("the defendant's International Walkie Talkie machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff"), explained how it infringed ("purports to provide International Walkie Talkie® service or global wireless Voice Over Internet Protocol (VoIP) communications"), and even specified the nature of what he believed was infringement by equivalents ("[w]hen used as any wireless apparatus over the internet or data network[,] telephone infringes plaintiff's patent via the Doctrine of Equivalents").[3] *See McZeal,* 501 F.3d at 1356-58. This is much more than RPost has done here. Its allegations against AOL and Yahoo! do not identify the accused "goods" and "services," and do not describe anything that either defendant does that is alleged to induce or contribute to Goodmail's infringement of the patents-in-suit.

The two district court cases on which RPost primarily relies – *PA Advisors, LLC v. Google, Inc.* and *FotoMedia Technologies, LLC v. AOL, LLC* – are likewise distinguishable, as both cases found acceptable pleadings that contained substantially more factual support than RPost's. In *PA Advisors* the complaint identified *nine specific systems* by name and the *six websites* through which those systems were implemented in an allegedly infringing manner *and describe how they infringed*. 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 8, 2008). These factual allegations were critical to the court's finding that the pleading was adequate. *Id.* at *1, *19 ("Here, Plaintiff named Yahoo!, cited the '067 Patent, *named the products and websites, described how they infringed*, and cited the specific sections of patent law.") (emphasis added). Similarly, in *FotoMedia*, the alleged infringing conduct was identified as the "making, using, selling [of] … photosharing web site services alone or in combination with personal computers." 2008 U.S. Dist. LEXIS 109403,

---

[3] As a *pro se* litigant, Mr. McZeal was entitled to "leeway on procedural matters, such as pleading requirements," and his complaint was subject to "less demanding standards" than those applied to the pleadings of represented parties, like RPost. *Id.*

7

at *1, *7, *8 (E.D. Tex. Aug. 29, 2008) ("The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form 16").[4]

RPost suggests that the fact that defendant Goodmail has answered the complaint instead of moving to dismiss RPost's claim of direct infringement somehow demonstrates that the allegations of indirect infringement against the other two defendants are sufficient to state a claim. [Pl. Opp. at 4.] The allegations against Goodmail for direct infringement are meager, at best, but at least the complaint against Goodmail identifies the acts and the instrumentality RPost accuses of infringement – "offer[ing] for sale … Certified Email Paper Suppression." [First Am. Compl. ¶ 11.] By contrast, the allegations with respect to AOL and Yahoo! state only that they have provided unspecified "goods and services" to Goodmail, and fail to plead facts that would support the additional elements required for a claim of inducement of infringement or a claim of contributory infringement. [First Am. Compl. ¶ 17.] None of the cases cited by RPost find such pleading adequate.

### D.    RPost's Reliance on Form 18 Is Misplaced

RPost suggests that it must be deemed to have satisfied Rule 8's pleading requirements because its pleadings are consistent with Form 18 (formerly Form 16) of the Appendix of Forms to the Federal Rules of Civil Procedure. [Pl. Opp. at 6.]

---

[4] RPost also cites to the *CBT Flint Partners, LLC v. Goodmail Systems, Inc.* case for support. In *CBT Flint*, the court's determination that the complaint at issue was adequately pled was based in part on its holding – subsequently rejected by *Iqbal* – that the *Twombly* standard did not apply to patent claims. 529 F. Supp. 2d 1376, 1379 (N.D. Ga. 2007) ("The Court's 'new standard' was merely a specific way to articulate a solution to what it perceived to be a specific pleading problem, in a specific area of law that inflicted a high cost upon antitrust defendants. It was not a broad based new license for federal courts to ramp up pleading requirements"). This holding is no longer good law. *See, e.g.,* David R. Donogue, *The Uneven Application of Twombly in Patent Cases,* 8 J. Marshall Rev. Intell. Prop. L. 1, 8-10 (2008) (observing that *CBT Flint* attempted to limit *Twombly* to antitrust claims).

Form 18 was adopted in 1938, well before *Twombly*. *See McZeal*, 501 F.3d at 1361 (Dyk, dissenting). The form provides an example of the pleading required to state a simple claim for *direct infringement* of a patent. As several courts have recognized, the form provides no guidance regarding pleading claims for *inducement of infringement or contributory infringement*, which have different and /or additional elements:

> Indirect infringement includes contributory infringement (35 U.S.C. § 271 (c)) and inducing infringement (35 U.S.C. § 271 (f)). Both types of indirect infringement include additional elements, none of which Form 18 even purports to address. In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*.

*Elan Microelectronics Corp. v. Apple Inc.,* 2009 U.S. Dist. LEXIS 83715, at *7 (N.D. Cal. Sept. 14, 2009); *see also Sharafabadi v. Univ. of Idaho*, 2009 U.S. Dist. LEXIS 11904, at *8 n.5 (W.D. Wa. Nov. 27, 2009) ("The Federal Circuit decided *McZeal* after *Twombly* but before *Iqbal*. This court agrees . . . that it is difficult to reconcile Form 18 with the Supreme Court's guidance in those decisions"); *McZeal*, 501 F.3d at 1361 (Dyk, dissenting) ("forms should not be interpreted as going beyond the fact situation described in the form").

### E. RPost Is Not Entitled to Leave to Amend

RPost requests leave to amend on the basis that "[i]t can allege additional facts concerning AOL/Yahoo's [sic] actions with respect to CEPS which it believes will satisfy Rule 8's requirements." [Pl. Opp. at 10.] RPost, however, identifies no "additional facts" beyond the single statement it misquotes from Goodmail's website to the effect that CertifiedEmail Paper Suppression is "available at" AOL and Yahoo! and that AOL and Yahoo! are "deployed partner webmail providers." As discussed above, allegations of *direct* infringement are not enough to support a

claim for *indirect* infringement, whether inducement of infringement or contributory infringement, both of which require additional elements. The statement on Goodmail's website to which RPost refers supplies none of these missing elements.

Leave to amend may be denied where the record indicates amendment would be futile. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (district court did not err in denying leave to amend where the amendment was futile). The addition of an allegation that AOL and Yahoo! were "deployed partner webmail providers" and that "100% assured delivery" (or even that the Certified Email Paper Suppression service) is "available at" AOL and Yahoo! supplies none of the facts that RPost would need to actually state a claim for relief. Allegations that Goodmail's service is available at AOL and Yahoo! and the AOL and Yahoo! are Goodmail "partners" who provide webmail do nothing to fill in the missing elements of RPost's claims, nor do they make RPost's conclusory allegations of inducement of infringement and contributory infringement any more "plausible." [*See* Section II.B, *supra*.]

As RPost has identified no other facts that could be included in an amended pleading, the Court should not grant leave to amend. *See Brown v. Lab One, Inc.,* 313 Fed. Appx. 952, 954 (9th Cir. 2009)(refusal of leave to amend was permissible because the plaintiff "has not indicated, or even alluded to, anything specific he could add to the complaint" to properly state a claim).

### F. In the Alternative, the Court Should Require RPost to Provide a More Definite Statement

RPost contends that the Court should order it to provide a more definite statement of its indirect infringement claims because the First Amended Complaint is "not unintelligible." [Pl. Opp. at 9-10.] RPost, however, fails to address the many district court decisions cited by AOL and Yahoo! that hold failure to identify the allegedly infringing activity is a deficiency that renders a complaint too vague

1    for the defendant to frame its response. [Defs. Mot. at 9-10 (citing, *inter alia*,
2    *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 WL 2346152, at *4 (S.D.N.Y.
3    Oct. 19, 2004); *eSoft, Inc. v. Astaro Corp.*, 2006 U.S. Dist. LEXIS 52336, at *4
4    (D. Colo. July 31, 2006); *Pharmaceutical Solutions, Inc. v. Vitamax RX*, 2006 WL
5    14559, at *3 (D. Minn. Jan. 3, 2006))).] These courts have uniformly required a
6    more definite statement in such circumstances.

7        RPost relies solely on *C.B. v. Sonora School Dist.*, 2009 WL 3077989 (E.D.
8    Cal. Sept. 22, 2009), in support of its position that a more definite statement is not
9    required. That case concerned a disabled elementary student's complaint regarding,
10   among other things, his placement in police custody by the school. *Id.* at *1. This
11   case involved unique pleading requirements regarding allegations of bad motive on
12   the part of public officials and is not applicable here. The motion for a more
13   definite statement was denied without prejudice to renewal following plaintiff's
14   filing of an amended complaint. *Id.* at *48. Should the Court deny the motion to
15   dismiss, it should still require RPost to provide a more definite statement of the
16   basis for its claims against AOL and Yahoo!.

## CONCLUSION

18       The First Amended Complaint does not state claims for either inducement of
19   infringement or contributory infringement against AOL or Yahoo!, and it should be
20   dismissed as to both defendants under Rule 12(b)(6). Moreover, because the
21   website statements on which RPost apparently relied for its complaint against AOL
22   and Yahoo! could not possibly support any such claims, and because RPost points
23   to no additional facts that would be asserted in an amended pleading, the Court
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

1  should not grant RPost leave to further amend the complaint.  In the alternative, the
2  Court should require RPost to provide a more definite statement.

3  Dated:  January 25, 2010                FENWICK & WEST LLP

5                                          By: /s/Virginia K. DeMarchi
6                                               Virginia K. DeMarchi

7                                          Attorneys for Defendant
                                            AOL LLC

8  Dated:  January 25, 2010                KEATS MCFARLAND & WILSON LLP

10                                         By: /s/Dennis L. Wilson
11                                              Dennis L. Wilson

12                                         Attorneys for Defendant
                                            YAHOO! INC.