UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPOST HOLDINGS, INC.; RPOST INTERNATIONAL LIMITED; and RMAIL LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>GOODMAIL SYSTEMS, INC.; AOL LLC; and YAHOO! INC.,<br><br>      Defendants. | CV 09-6668 SVW (SSx)<br><br>ORDER GRANTING AOL AND YAHOO! INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [25] |

  The Motions are suitable to a determination without an oral hearing. Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing scheduled for Monday, February 8, 2010 is hereby VACATED.

  This is a patent action.  The present motion is straightforward: two of the Defendants argue that Plaintiff's allegations are deficient under <u>Twombly</u> and <u>Iqbal</u>.  Defendants are correct.

  On a Motion to Dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, __ U.S. __,

1  129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly,
2  550 U.S. 544 (2007)).  "A claim has facial plausibility when the
3  plaintiff pleads factual content that allows the court to draw the
4  reasonable inference that the defendant is liable for the misconduct
5  alleged."  Id.  A complaint that offers mere "labels and conclusions"
6  or "a formulaic recitation of the elements of a cause of action will
7  not do."  Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969
8  (9th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1951).
9      Plaintiff, RPost Holdings, holds a patent on a technology used to
10 confirm delivery and recipient of emails.  The basic claim in the First
11 Amended Complaint is that the central Defendant, Goodmail Inc., uses a
12 product that infringes Plaintiff's email-services patent.  (The
13 adequacy of the allegations against Goodmail are not being challenged.)
14 The present Motion to Dismiss address the cause of action for
15 secondary/contributory liability asserted against AOL and Yahoo.  The
16 First Amended Complaint says the following:
17     AOL and Yahoo both aid, abet, and contribute to Goodmail's
18     infringement of Plaintiffs' patents. On information and belief,
19     Goodmail uses goods and services provided by AOL and Yahoo to
20     provide its [Certified Email Paper Suppression] service to its
21     customers. On information and belief, AOL and Yahoo are aware of
22     Plaintiffs' patents and know that the goods and services they
23     provide Goodmail aid, abet, and contribute to Goodmails
24     infringement of those patents. . . .  On information and belief,
25     AOL's and Yahoo's actions were willful  within the meaning of 35
26     U.S.C. §284.
27 (FAC ¶ 17, 20.)
28

This is a classic <u>Twombly</u> situation: Plaintiff has only alleged labels and conclusions, not facts. As Defendants explain:

> RPost has not pled any facts which, even if taken as true, would support claims for inducement of infringement or contributory infringement by AOL and Yahoo!. Specifically:
>
> • RPost does not identify the "goods" or "services" that AOL and Yahoo! allegedly provide to Goodmail.
>
> • RPost does not state what acts by AOL and Yahoo! induced or encouraged infringement by Goodmail (or anyone else).
>
> • RPost states no facts from which it could be inferred that AOL and Yahoo! had a specific intent to induce or encourage infringement by Goodmail (or anyone else).
>
> • RPost identifies no component sold by AOL or Yahoo! that is a material part of Goodmail's accused CertifiedEmail Paper Suppression service.
>
> • RPost states no facts from which it could be inferred that any such as-yet-unidentified component was especially made or adapted for the accused infringing use, or that AOL and Yahoo! knew that the combination for which such components were especially made was both patented and infringing.
>
> • RPost states no facts from which it could be inferred that any such as-yet-unidentified component has no substantial non-infringing use.

(Reply at 4-5.)

Plaintiff argues that its First Amended Complaint is sufficient under the post-<u>Twombly</u> cases <u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d 1354 (Fed. Cir. 2007), <u>Fotomedia Techs., LLC v. AOL, Inc.</u>, No.

3

1  2:07CV255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Magistrate Judge
2  report and recommendation), adopted by District Court (Sept. 24,
3  2008)); PA Advisors, LLC v. Google, Inc., No. 2:07-CV-480 (DF), 2008 WL
4  4136426 (E.D. Tex. Aug. 8, 2008).

Rather than reinvent the wheel, it is sufficient to quote from Defendants' Reply, which accurately explains why Plaintiff's authorities are distinguishable:

> [T]he *pro se* plaintiff in *McZeal* specifically identified the allegedly infringing device ("the defendant's International Walkie Talkie machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff"), explained how it infringed ("purports to provide International Walkie Talkie® service or global wireless Voice Over Internet Protocol (VoIP) communications"), and even specified the nature of what he believed was infringement by equivalents ("[w]hen used as any wireless apparatus over the internet or data network[,] telephone infringes plaintiff's patent via the Doctrine of Equivalents"). *See McZeal*, 501 F.3d at 1356-58. This is much more than RPost has done here. Its allegations against AOL and Yahoo! do not identify the accused "goods" and "services," and do not describe anything that either defendant does that is alleged to induce or contribute to Goodmail's infringement of the patents-in-suit. The two district court cases on which RPost primarily relies – *PA Advisors, LLC v. Google, Inc.* and *FotoMedia Technologies, LLC v. AOL, LLC* – are likewise distinguishable, as both cases found acceptable pleadings that contained substantially more factual support than RPost's. In *PA Advisors* the complaint identified nine

4

      specific systems by name and the six websites through which those systems were implemented in an allegedly infringing manner and describe how they infringed. 2008 U.S. Dist. LEXIS 71285 (E.D. Tex. Aug. 8, 2008).  These factual allegations were critical to the court's finding that the pleading was adequate. *Id.* at *1, *19 ("Here, Plaintiff named Yahoo!, cited the '067 Patent, named the products and websites, described how they infringed, and cited the specific sections of patent law.") (emphasis added). Similarly, in *FotoMedia*, the alleged infringing conduct was identified as the "making, using, selling [of] … photosharing web site services alone or in combination with personal computers." 2008 U.S. Dist. LEXIS 109403, at *1, *7, *8 (E.D. Tex. Aug. 29, 2008) ("The level of detail provided by *FotoMedia* in its allegations of indirect infringement are similar to those approved by Form 16").

(Reply at 6-8, footnotes omitted.)

    In other words, both the controlling authority (<u>McZeal</u>, a Federal Circuit case) and the persuasive authorities (<u>PA Advisors</u> and <u>FotoMedia</u>, Eastern District of Texas cases) are clearly distinguishable.  Unlike the plaintiffs in those cases, Plaintiff here has alleged absolutely no facts, and only legal conclusions.  <u>Twombly</u> and <u>Iqbal</u> are directly on-point.

    In its Opposition, Plaintiff identifies an additional fact that is not contained in the First Amended Complaint: Goodmail's website includes a statement that AOL and Yahoo are two of Goodmail's "deployed partner webmail providers."  (Opp. at 8.)  Because Plaintiff did not include this statement in its First Amended Complaint, the Court will

not issue an advisory opinion assessing the adequacy of this factual statement under Twombly.

If Plaintiff chooses to file an amended complaint against AOL and Yahoo, Plaintiff's counsel is advised to consult the pleading requirements of Fed. R. Civ. P. 8(a) as construed in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Counsel is further advised that a person's submission of documents to the Court constitutes a certification that, "to the best of the person's knowledge, information, and belief," that submission "is not being presented for any improper purpose," that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b) (emphasis added). If counsel is uncertain as to whether or not certain claims are "warranted by existing law," counsel is advised to consult the legal memoranda submitted by Defendants and the authorities cited therein.

///
///
///

1  The Court GRANTS Defendants' Motion to Dismiss Count II of the
2  First Amended Complaint.  The Court GRANTS Plaintiff 20 days leave to
3  file a Second Amended Complaint.  Twenty days provides Plaintiff and
4  Plaintiff's counsel ample opportunity to examine the relevant law and
5  facts so that they may determine whether a Second Amended Complaint is
6  justified.

11  IT IS SO ORDERED.

14  DATED:   February 4, 2010

15                                        STEPHEN V. WILSON
16                                  UNITED STATES DISTRICT JUDGE